```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

JOEL WETMORE,                    )
                                 )
         Petitioner,             )
                                 )
         v.                      )    C.A. No. 12-10417-PBS
                                 )
WARDEN TRACY JOHNS,              )
                                 )
         Respondent.             )
                                 )
```

**MEMORANDUM AND ORDER**

April 9, 2012

Saris, U.S.D.J.

Pro se habeas petitioner Joel Wetmore, who is confined at FCI Butner in Butner, North Carolina, brings this action under 28 U.S.C. § 2241 in which he challenges his commitment as a "sexually dangerous person" under Section 302(4) of the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, Title 111, §302(4), 120 Stat. 587, 620-22 (2006), codified at 18 U.S.C. §§ 4247-4248.  See United States v. Wetmore, C.A. No. 07-12058-PBS (D. Mass.), Findings of Fact and Conclusions of Law, Mar. 2, 2011, docket entry #193.  The petition has not been served so that the Court may review the petition to determine whether the respondent should be required to reply.  See 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not

required to serve the petition on the respondent).[1]  For the reasons stated below, the Court denies the petition without prejudice and dismisses this action.

Under 28 U.S.C. § 2241, a federal court has the authority to entertain a petition for a writ of habeas corpus brought a petitioner who is within the court's jurisdiction at the time the petition is filed.  See 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) ("District courts are limited to granting habeas relief 'within their respective jurisdictions.'" (quoting 28 U.S.C. § 2241(a)); see also Padilla, 542 U.S. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").  Unless a statute explicitly states otherwise, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."  Padilla, 542 U.S. at 443.

---

[1] See also Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (providing that, if it "plainly appears from the face of the [habeas] petition . . . that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition").  Rule 4 may be applied at the discretion of the district court to other habeas petitions.  See Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254; see also Phelps v. Reynoso, App. No. 07-1080 (1st Cir. May 16, 2007) (district court acted within its discretion by applying Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 to § 2241 petition); Boutwell v. Keating, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005) (same).

Here, Wetmore challenges his present physical confinement in a federal prison located within the Eastern District of North Carolina. Notwithstanding that Wetmore's commitment proceedings were held in this District, because Wetmore is no longer confined within the District of Massachusetts, the Court is without jurisdiction over the present petition.

The Court, could, in its discretion, transfer Wetmore's petition to the Eastern District of North Carolina: "Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, <u>if it is in the interest of justice</u>, transfer such action . . . ." 28 U.S.C. § 1631 (emphasis added). Here, however, it is not in the interest of justice to transfer Wetmore's petition. Wetmore's direct appeal of his commitment as a sexually dangerous person is pending in front of the United States Court of Appeals for the First Circuit. See <u>United States v. Wetmore</u>, App. No. 11-1626 (1st Cir.).[2] Because Wetmore is in the process of challenging the legality of his detention via direct appeal, the instant challenge to his confinement is premature. See <u>United States v. Weekes</u>, 611 F.3d 68, 71 (1st Cir. 2010) (absent extraordinary circumstances, district court precluded from entertaining a habeas petition where direct appeal of the matter is pending).

---

[2]According to the publicly available electronic docket of this appeal, Wetmore's appellate brief is due May 4, 2012. <u>See id.</u> (Order dated Mar. 16, 2012).

3

Accordingly, the petition is DENIED WITHOUT PREJUDICE.


SO ORDERED.

                                              /s/ Patti B. Saris
                                              PATTI B. SARIS
                                              UNITED STATES DISTRICT JUDGE